UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MIKE OLIVIER, JEAN DARY BELMONT, THENIO
LOUISSAINT, ARRIS JEAN WISBERT and
PATRICK NICOLAS, on behalf of themselves and
all other persons similarly situated,

                                                                       **COLLECTIVE AND**
                                                                       **CLASS ACTION**
                          Plaintiffs,                  **COMPLAINT**

    -against-

VIEUX VINS GROUP, LLC,

                          Defendant.                *Jury Trial Demanded*
------------------------------------------------------------------------X

      Plaintiffs, Mike Olivier, Jean Dary Belmont, Thenio Louissaint, Arris Jean Wisbert and Patrick Nicolas ("Plaintiffs"), on behalf of themselves and all other persons similarly situated, by and through their attorneys, the Romero Law Group PLLC, complaining of the Defendant, VIEUX VINS GROUP, LLC ("Defendant"), alleges as follows:

### NATURE OF THE ACTION

      1.     Plaintiffs were employed by Defendant as drivers, helpers and warehouse workers in the State of New York. Plaintiffs bring this action against Defendant on behalf of themselves and all other persons similarly situated, to recover unpaid overtime wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiffs seek unpaid overtime wages, liquidated damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b), and other applicable federal law.

      2.     Plaintiffs also bring this action on behalf of themselves and similarly situated current and former employees of Defendant pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid overtime wages, liquidated damages, and statutory damages under

1

the New York Labor Law Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

3. Plaintiffs also allege that Defendant failed to promptly pay Plaintiffs' wages and instead paid Plaintiffs on a semi-monthly basis. Plaintiffs, FLSA Collective Plaintiffs and Class Members are "manual workers" who depend upon their wages for sustenance and suffer harm that is particularly acute when their wages are delayed, and they are temporarily deprived of their earned wages. Each time that Defendant failed to promptly pay Plaintiffs, FLSA Collective Plaintiffs and Class Members their wages, Defendant deprived them of the use of money to which they were legally entitled. As a result, they lost the time value of money.

4. Defendant's semi-monthly payment policy violated the FLSA's prompt payment requirement. There are many similarly situated current and former employees of Defendant who have been paid late in violation of the FLSA. Because putative plaintiffs are similarly situated and the statute of limitations is continuing to run against them until they file a consent to join this action, Plaintiffs seek certification of this matter as a collective action and leave to notify the "FLSA Collective," as defined as follows:

> All individuals who work and/or have worked for Defendant in the State of New York as drivers, helpers and warehouse workers at any time in the three years prior to the filing of this Complaint.

5. Defendant's semi-monthly payment policy violated the requirement that manual workers be paid within seven days after the end of the workweek in accordance with NYLL § 191(1)(a). Because the harm suffered by similarly situated individuals was widespread, Plaintiffs bring this case as a class action and will seek certification under Federal Rule of Civil Procedure 23 ("Rule 23") for the following "Class":

> All current and former employees of Defendant who work and/or worked for Defendant in the State of New York as drivers, helpers and warehouse workers at any time during the six years prior to the filing of this Complaint until the date of judgment in this action.

6. Plaintiffs also bring this action against Defendant to remedy discrimination in employment in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") and the New York City Human Rights Law, Admin. Code § 8-107 et seq. (hereinafter ("NYCHRL"). Plaintiffs seek injunctive and declaratory relief, compensatory damages, punitive damages, attorneys' fees and other appropriate relief.

## JURISDICTION AND VENUE

7. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

9. Defendant is a Delaware limited liability company with headquarters located in Richmond, Virgina.

10. At all times relevant, Plaintiff Mike Olivier was an "employee" within the meaning of NYLL § 190(2) and a "manual worker" within the meaning of NYLL § 190(4).

11. At all times relevant, Plaintiff, Jean Dary Belmont, was an "employee" within the meaning of NYLL § 190(2) and a "manual worker" within the meaning of NYLL § 190(4).

12. At all times relevant, Plaintiff, Thenio Louissaint, was an "employee" within the meaning of NYLL § 190(2) and a "manual worker" within the meaning of NYLL § 190(4).

13. At all times relevant, Plaintiff, Arris Jean Wisbert, was an "employee" within the meaning of NYLL § 190(2) and a "manual worker" within the meaning of NYLL § 190(4).

14. At all times relevant, Plaintiff, Patrick Nicolas, was an "employee" within the meaning of NYLL § 190(2) and a "manual worker" within the meaning of NYLL § 190(4).

15. At all times relevant, Defendant was an "employer" within the meaning of 29 U.S.C. § 203(d) and NYLL § 190(3).

16. At all times relevant, Defendant employed employees who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. §§ 203(b), (g), (i), (j), (r) & (s).

17. Defendant's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FACTUAL ALLEGATIONS

18. Defendant is an importer and a distributor of wines.

19. Plaintiff, Mike Olivier, was employed by Defendant as a driver, helper and warehouse worker from in or about May 2006 until in or about March 2024. At all times relevant, Plaintiff was an "employee" as defined by 29 U.S.C. § 203(e)(1) and NYLL §§ 190(2), 651(5).

20. Plaintiff, Jean Dary Belmont, was employed by Defendant as a driver, helper and warehouse worker from in or about August 2006 until in or about March 2024. At all times relevant, Plaintiff was an "employee" as defined by 29 U.S.C. § 203(e)(1) and NYLL §§ 190(2), 651(5).

21. Plaintiff, Thenio Louissaint, was employed by Defendant as a driver, helper and warehouse worker from in or about April 2015 until in or about March 2024. At all times relevant, Plaintiff was an "employee" as defined by 29 U.S.C. § 203(e)(1) and NYLL §§ 190(2), 651(5).

22. Plaintiff, Arris Jean Wisbert, was employed by Defendant as a driver, helper and warehouse worker from in or about May 2015 until in or about March 2024. At all times relevant, Plaintiff was an "employee" as defined by 29 U.S.C. § 203(e)(1) and NYLL §§ 190(2), 651(5).

23. Plaintiff, Patrick Nicolas, was employed by Defendant as a driver, helper and warehouse worker from in or about 2018 until in or about March 2024. At all times relevant, Plaintiff was an "employee" as defined by 29 U.S.C. § 203(e)(1) and NYLL §§ 190(2), 651(5).

24. Plaintiffs' job duties included loading and unloading trucks, receiving deliveries, making deliveries, moving merchandise, and building pallets. Plaintiffs' job duties required lifting, carrying, pushing, pulling, bending, reaching, walking and standing for long periods.

25. During their employment with Defendant, more than twenty-five percent of Plaintiffs' time was spent performing physical tasks.

26. Plaintiffs' primary duties were non-clerical, were non-managerial, and were not related to sales.

27. At all times relevant to the Complaint, each Plaintiff was a "manual worker" within the meaning of NYLL § 190(4).

28. Plaintiffs regularly worked more than 40 hours in a single workweek. Defendant failed to pay Plaintiffs for all hours worked in excess of 40 hours per workweek at the rate of one and one-half times their regular rate of pay. Instead, Defendant only paid Plaintiffs overtime when her total hours worked in a bi-weekly period exceeded 80 hours. When Plaintiffs worked

more than 40 hours in a single workweek, but not more than 80 hours in total during the semi-monthly pay period, Defendant failed to pay Plaintiffs any overtime at all.

29. Defendant failed to promptly pay Plaintiffs' wages and instead paid Plaintiffs twice monthly pursuant to its company-wide payroll policy. Defendant's semi-monthly payment policy violated the prompt payment requirement of the FLSA.

30. Plaintiffs were manual workers who were entitled to payment of their wages within seven calendar days after the end of the workweek as required by NYLL § 191(1)(a). Instead, Defendant paid Plaintiffs' wages semi-monthly in violation of NYLL § 191(1)(a).

31. Each time that Defendant failed to pay Plaintiffs their wages earned within seven days of the end of the workweek, Defendant deprived them of the use of money to which they were legally entitled.

32. As a result of Defendant's failure to timely pay their wages, Plaintiffs lost the time value of money.

33. Defendant has employed individuals who have worked for Defendant in the State of New York as drivers, helpers and warehouse workers and who have spent more over 25% of their working time performing physical tasks such as: lifting, carrying, pushing, pulling, bending, reaching, walking and remaining on their feet for long periods to complete their duties.

## THE FLSA COLLECTIVE ACTION

34. Plaintiffs seek to proceed as a collective action with regards to the First Claim for Relief, pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the FLSA Collectives.

35. Plaintiffs are acting on behalf of Defendant's current and former employees' interests as well as their own interests in bringing this action.

36. The FLSA Collective is readily identifiable and locatable through Defendant's records. The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the FLSA Collectives, who have been unlawfully deprived of overtime wages and prompt payment of their wages in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendant.

## CLASS ACTION ALLEGATIONS

37. Plaintiffs bring this action on this action on behalf of themselves and as a class action, pursuant Rule 23(a) and (b), on behalf of the Class.

38. The Class is so numerous that joinder of all members is impracticable. Although, the precise number of Class Members is unknown, and facts on which the calculation of that number can be based are presently within the sole control of Defendant.

39. Upon information and belief, the size of the Class is at least 40. This case is properly maintainable as a class action under Rule 23(b)(3). There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of Class, including but not limited to whether Defendant failed to pay Plaintiffs and Class Members overtime for all hours worked in excess of 40 hours per workweek; whether Defendant failed to timely wages to Plaintiffs and the Class in violation of and within the meaning of the N.Y. Lab. Law § 191(1)(a); whether Defendant acted in good faith when failing to pay Plaintiffs and the Class overtime wages; whether Defendant acted in good faith when failing to timely pay wages to Plaintiffs and the Class; and the nature and extent of class-wide injury and the measure of damages for those injuries. Plaintiffs will fairly and adequately protect the interests of the Class and has no interests antagonistic to the class.

40. Plaintiffs are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

41. Plaintiffs and the Class have been equally affected by Defendant's failure to pay proper wages. Moreover, members of the Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

42. Defendant acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

43. Plaintiffs' claims are typical of those of the Class. Plaintiffs and the Class were subjected to Defendant's policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay timely wages.

44. Defendant failed to pay Plaintiffs and the Class overtime for all hours worked in excess of 40 hours in a single week.

45. Plaintiffs' job duties and manner of payment are typical of those of the Class. Plaintiffs and the Class spent over 25% of their working time on physical labor such as loading and unloading trucks, receiving deliveries, making deliveries, moving merchandise and building pallets.

46. Plaintiffs and the Class were paid semi-monthly.

47. Defendant applied its frequency of payment policy to the Class uniformly.

48. Plaintiffs and the Class were uniformly deprived of the time value of their earned wages during periods in which payment was illegally delayed.

49. Plaintiffs and the Class were uniformly deprived of the ability to use their earned wages - money to which they were legally entitled - during periods in which the payment of their wages was illegally delayed.

50. Plaintiffs and the Class lost the time value of their earned wages.

51. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The Class has been damaged and is entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

*Discrimination in Employment*

52. Plaintiff, Mike Olivier, is a black male of Haitian ethnicity.

53. Plaintiff, Jean Dary Belmont, is a black male of Haitian ethnicity.

54. Plaintiff, Thenio Louissaint, is a black male of Haitian ethnicity.

55. Plaintiff, Arris Jean Wisbert, is a black male of Haitian ethnicity.

56. Defendant discriminated against the Plaintiffs on the basis of their Haitian ancestral and ethnic characteristics with respect to the terms, conditions and privileges of their employment by terminating Plaintiffs' employment.

57. The reason provided by Defendant for terminating Plaintiffs' employment was a purported reduction in force.

58. Defendant discriminated against Plaintiffs in favor of non-Haitian employees by selecting the Plaintiffs for termination while retaining employees who are not of Haitian ethnicity.

59. As a result of Defendant's discrimination, Plaintiffs have suffered loss of income and benefits, termination of employment, loss of opportunity for advancement and promotion, emotional pain and suffering, mental anguish, embarrassment and humiliation.

60. The conduct of Defendant was done in conscious disregard of Plaintiffs' rights warranting an award of punitive damages.

**FIRST CLAIM FOR RELIEF**
**FLSA Failure to Overtime**
**On behalf of Plaintiffs and the FLSA Collective**

61. Plaintiffs alleges and incorporate by reference all allegations in all preceding paragraphs.

62. Defendant employed Plaintiffs and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for all time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

63. As a result of Defendant's unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**FLSA Failure to Pay Timely Wages**
**On behalf of Plaintiffs and the FLSA Collective**

64. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

65. Plaintiffs and members of the FLSA Collective are current and former employees entitled to prompt payment of their statutorily required wages after the workweek ends. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945). Under the FLSA, late-paid wages are a form of unpaid wages.

66. Defendant unreasonably withheld Plaintiffs' and the FLSA Collective's federally mandated wages after the conclusion of the workweek.

67. This delay was pursuant to Defendant's company-wide payroll policy and practice to pay Defendant's employees on a semi-monthly basis. Such a delay is inherently unreasonable.

68. Each time that Defendant failed to promptly pay Plaintiffs and members of the FLSA Collective their wages, Defendant deprived them of the use of money to which they were legally entitled.

69. Defendant failed to make a good faith effort to comply with the FLSA with respect to compensating Plaintiff and the FLSA Collective.

70. Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

71. As a consequence of the willful delay of wages, alleged above, Plaintiffs and the FLSA Collective lost the time value of money, incurred damages and seek to recover interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
### NYLL Failure to Pay Overtime
### On behalf of Plaintiffs and the Rule 23 Class

72. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

11

73. Defendant employed Plaintiff and Class Members for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff and Class Members for all time worked in excess of forty (40) hours per week at a rate of at least one and one-half times the regular hourly rate in violation of NYLL.

74. By Defendant's failure to pay Plaintiff and Class Members overtime wages for all hours worked in excess of 40 hours per week, Defendants willfully violated NYLL Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

75. Due to Defendant's violations of the NYLL, Plaintiff and Class Members are entitled to recover from Defendant unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FOURTH CLAIM FOR RELIEF
### NYLL Failure to Pay Timely Wages
### On behalf of Plaintiffs and the Rule 23 Class

76. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

77. Plaintiffs and Class Members are manual workers as defined by NYLL § 190(4).

78. Defendant was required to pay the Plaintiff and Class Members on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned.

79. Defendant failed to pay Plaintiff and Class Members on a weekly basis and instead paid Plaintiffs and Class Members their wages semi-monthly in violation of NYLL § 191.

80. Each time that Defendant failed to pay Plaintiffs and Class Members their wages earned within seven days of the end of the workweek, Defendant deprived them of the use of money to which they were legally entitled.

81. As a result of Defendant's failure to timely pay their wages, Plaintiffs and Class Members lost the time value of money.

82. Plaintiffs and Class Members are entitled to damages equal to the total of the delayed wages and reasonable attorney's fees and costs.

## FIFTH CLAIM FOR RELIEF
### Discrimination in Employment
### On Behalf of Plaintiffs Olivier, Belmont, Louissaint and Wisbert

83. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

84. Defendant discriminated against Plaintiffs in the terms, conditions and privileges of employment because of their Haitian ancestral and ethnic characteristics in violation of Section 1981 of the Civil Rights Act of 1866.

85. As a proximate result of the discrimination described herein, Plaintiffs have suffered and continue to suffer loss of income, severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

86. The conduct described herein was done in conscious disregard of Plaintiffs' rights.

## SIXTH CLAIM FOR RELIEF
### Discrimination in Employment
### On Behalf of Plaintiffs Olivier, Belmont, Louissaint and Wisbert

87. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

88. Defendant discriminated against Plaintiffs in the terms, conditions and privileges of employment because of their Haitian ethnicity in violation of the City Human Rights Law.

89. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

90. The conduct described herein was done in conscious disregard of Plaintiff's rights.

## JURY TRIAL DEMANDED

91. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

92. Plaintiffs request a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for the following relief:

(i.) Leave to give notice to the FLSA Collective that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit;

(ii.) Unpaid overtime wages under the FLSA;

(iii.) Liquidated damages under the FLSA;

(iv.) Certification of a Class Action pursuant to F.R.C.P. 23;

(v.) Designation of Plaintiffs as representatives of the Class and counsel of record as Class Counsel;

(vi.) Issuance of a declaratory judgment that the practices complained of are unlawful;

(vii.) Unpaid overtime wages under the NYLL;

(viii.) Liquidated Damages pursuant to NYLL § 198;

(ix.) Compensatory damages for loss of income and emotional distress;

(x.) Punitive damages;

(xi.) Pre-judgment and post-judgment interest as permitted by law;

(xii.)   Reasonable attorneys' fees and the costs incurred in prosecuting these claims; and

(xiii.)  Such other relief as this Court deems just and proper.

Dated:  May 26, 2024

                ROMERO LAW GROUP PLLC

      By:   */s Peter A. Romero*
              _____
              Peter A. Romero, Esq.
              490 Wheeler Road, Suite 277
              Hauppauge, New York 11788
              Tel. (631) 257-5588
              promero@romerolawny.com

              *Attorneys for Plaintiff*